**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------x
DANIEL J. NICHOLSON, individually
and on behalf of others similarly situated,

                     Plaintiff,

vs.

GC SERVICES LIMITED PARTNERSHIP,

                     Defendant.
------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 17 2013 ★
LONG ISLAND OFFICE

CV-13 5712

**CLASS ACTION**
**COMPLAINT FOR VIOLATIONS OF**
**THE FAIR DEBT COLLECTION**
**PRACTICES ACT (FDCPA)**

**JURY TRIAL DEMANDED**

FEUERSTEIN, J
LINDSAY, M.

### INTRODUCTION

1.     This is an action for damages pursuant to 15 U.S.C. §1692 et seq., the Fair Debt Collection Practices Act (the "FDCPA"). The FDCPA regulates the actions which a "debt collector" is permitted to take in collecting a debt. It also includes specific prohibitions against certain means of collection activity. Specifically, the FDCPA requires a debt collector, upon receipt of a timely dispute, to cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

### JURISDICTION AND VENUE

2.     This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692.

Venue and personal jurisdiction over the parties arises in this district because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District; in NASSAU COUNTY, NEW YORK.

## THE PARTIES

4. Plaintiff, DANIEL J. NICHOLSON, is a natural person who is, and at all times material to this action was, a resident of MASSAPEQUA, NASSAU COUNTY, NEW YORK.

5. DANIEL J. NICHOLSON is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

6. Defendant, GC SERVICES LIMITED PARTNERSHIP ("GC SERVICES"), is a foreign limited liability partnership whose principal office is located at 6330 GULFTON, HOUSTON TX, 77081, and whose registered agent for service of process in the State of New York is CT CORPORATION, 1633 BROADWAY, NEW YORK, NY 10019.

7. GC SERVICES LIMITED PARTNERSHIP is registered with the New York City Department of Consumer Affairs as a "debt collection agency," license number 0808863, and is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

8. The purpose of the FDCPA is to protect consumers from abusive, harassing, threatening, misleading and otherwise unscrupulous debt collection practices. Consistent with that purpose, a consumer has the right to dispute the validity of an alleged debt and to request and obtain validation of the debt. 15 U.S.C. § 1692g.

9. The FDCPA is a strict liability statute, and a single violation is sufficient to establish liability. *Bentley v. Great Lakes Collection Bureau*, 6 F. 3d 60 (2nd Cir. 1993).

10. Any potential bona fide error defense which relies upon the Defendant's mistaken interpretation of the legal duties imposed upon it by the FDCPA must fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605 (2010).

## FACTUAL ALLEGATIONS

11. On or about January 22, 2013, Defendant GC SERVICES sent, or caused to be sent through the mail a form debt collection letter addressed to Plaintiff at his residence in Massapequa, New York. Plaintiff received the letter a reasonable time thereafter.

12. A true and accurate copy of Defendant's January 22, 2013 collection letter is attached hereto and further referenced in this Complaint as ***Exhibit A***.

13. Defendant sent ***Exhibit A*** to Plaintiff in an attempt to collect from him a debt arising from one or more transactions the subject of which were the purchase of personal or household goods and services; a debt within the meaning of 15 U.S.C. § 1692a(5).

14. Following receipt of ***Exhibit A***, Defendant, on or about February 1, 2013, sent to Plaintiff, a timely notice disputed the alleged debt in its entirety and requesting, *inter alia*, the identity of the current creditor, and the name and address of the original creditor. ***Exhibit B***.

15. A true and accurate copy of Defendant's February 1, 2013 dispute letter is attached hereto and further referenced in this Complaint as ***Exhibit B***.

16. On or about February 13, 2013, Defendant GC Services sent, or caused to be sent a second form letter, purportedly in response to Plaintiff's February 1, 2013 correspondence. Plaintiff received the letter a reasonable time thereafter.

17. A true and accurate copy of Defendant's February 13, 2013 response letter is attached hereto and further referenced in this Complaint as ***Exhibit C***.

18. Having received ***Exhibit B***, Defendant GC Services became obligated to cease collection of the debt until it obtained verification of the debt, and until a copy of such verification was mailed to the Plaintiff by GC Services. See 15 U.S.C. § 1692g(b).

19. However, instead of providing verification of the alleged debt, Defendant GC Services, in ***Exhibit C***, informed the Plaintiff that, rather than comply with the language of § 1692g, it is the policy of GC Services to initiate one-on-one communications with "borrowers" and by doing so, GC Services is able to assist in establishing a " …reasonable and affordable payment arrangement."

20. Upon information and belief, Exhibits A and C are form letters, two of hundreds or thousands printed *en masse*, and sent at part as a purposeful, calculated scheme to circumvent the debt verification requirements of § 1692g(b), and to continue collection efforts despite receipt of a timely dispute.

## CLASS ACTION ALLEGATIONS

21. This action is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

22.	This claim is brought on behalf of: (a) all natural persons in the State of New York; (b) to whom Defendant sent a written communication containing language materially similar to that in **Exhibits A** and **C**; (c) in an attempt to collect a debt; (d) which was not returned as undelivered by the United States Postal Service; (e) during the one year immediately preceding the filing of this complaint and ending 21 days thereafter.

23.	Plaintiff is informed and believes that there are more than fifty (50) such natural persons to whom Defendant sent a letters materially similar to **Exhibits A** and **C**, under the circumstances described herein.

24.	The identities of all class members are readily ascertainable from the Defendant's own records and other records within the Defendant's care, custody, or control.

25.	Excluded from the Class is the Defendant and all officers, members, partners, managers, director, and employees of the Defendant and their respective families, and legal counsel for all parties to this action and all members of their immediate families.

26.	There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's communications, those materially similar to the form attached as **Exhibit C**, violate the FDCPA.

27.	The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

28.	A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the whether the letter at issue constitutes continued collection activity in the face of a timely dispute.

29. The Plaintiff will fairly and adequately protect the interests of the Class defined herein. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorney have any interests which might cause them not to vigorously pursue this action.

## COUNT I
### *The Defendant Violated 15 U.S.C. 1692g*

30. Plaintiff incorporates all of the foregoing allegations of this complaint, as if fully set forth herein.

31. Upon receipt of a timely dispute, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g. *Bleich v. Revenue Maximization Group, Inc.*, 233 F. Supp. 2d 496 (E.D.N.Y. 2002).

32. **Exhibit C** evidences that it is Defendant GC Service's policy *not* to cease collection activities upon receipt of a timely dispute, rather GC Service continued to collect the disputed and unverified debt by attempting to establish "a reasonable and affordable payment arrangement for resolving their student loan debt …"

33. Defendant GC Services policy of continued debt collection and refusal to cease collection efforts prior to obtaining verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, and mailing same to the consumer is a violation of 15 U.S.C. § 1692g(b).

34. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1000 in statutory damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

35. In the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of the Plaintiff and against Defendant for:

    a. Statutory damages pursuant to 15 U.S.C. § 1692k;

    b. Attorney's fees and costs of bringing this action;

    c. Such other or further relief as the Court deems proper.

KLEINMAN LLC

*/s/ Abraham Kleinman*

Abraham Kleinman (AK-6300)
626 RXR Plaza
Uniondale, New York  11556-0626
Telephone   (516) 522-2621
Facsimile    (888) 522-1692
E-mail:      akleinman@kleinmanllc.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_____
Abraham Kleinman (AK-6300)

# EXHIBIT "A"



CDGCSV40
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED



**GC Services Limited Partnership**
6330 Gulfton, Houston, TX 77081

**SEND PAYMENT TO:**

February 13, 2013

0722213020035735 0106-30-30T    980760380
Daniel J Nicholson
108 Connecticut Ave
Massapequa NY 11758-4503

U.S. DEPARTMENT OF EDUCATION
NATIONAL PAYMENT CENTER
P.O. BOX 105028
ATLANTA GA 30348-5028

| Client Name: U.S. Department of Education | |
|---|---|
| Balance Due*: $15,228.63 | File #: 1110139 |
| Account Number: S113769565 | |

4 321137695658 0000004950 00000540          4 321137695658 0002132013 15228637

*Do not send cash. Make your check payable to: U.S. Department of Education.*
*Show your Social Security Number on your check. Return upper portion with your payment.*

Dear Daniel J Nicholson:

We recently received correspondence regarding your account. We are in the process of reviewing the concerns and questions. Generally, because responses to questions can often lead to more questions, GC Services feels strongly that one-on-one communication with borrowers is the best way to respond to and resolve these types of inquiries.

In most cases, we are also able to assist our borrowers with establishing a reasonable and affordable payment arrangement for resolving their student loan debt and potentially improving their credit history.

We will be attempting to contact you over the next several days to discuss the concerns and questions; however, we encourage you to call us toll free at 877-244-7901 at your convenience to speak with one of our Borrower Assistance Representatives.

You may contact our office with further questions:
 GC Services
 PO Box 27346
 Knoxville, TN 37927
Or call: 877-244-7901

                  B. Gentry
                  Collection Manager

*\*Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we*



## NOTE CHANGES ONLY

FIRST NAME ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐  MI ☐
LAST NAME ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐
ADDRESS ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐  HOME PHONE ☐☐☐-☐☐☐-☐☐☐☐
CITY ☐☐☐☐☐☐☐☐☐☐☐☐☐☐  WORK PHONE ☐☐☐-☐☐☐-☐☐☐☐
STATE ☐☐  ZIP ☐☐☐☐☐-☐☐☐☐

**California Residents:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-Help or www.ftc.gov.

### GC SERVICES LIMITED PARTNERSHIP

<u>THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.</u>
<u>CONSUMER INFORMATION:</u>
UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES. IF YOU NOTIFY GC SERVICES IN WRITING WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, GC SERVICES WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY GC SERVICES. UPON YOUR WRITTEN REQUEST WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD, GC SERVICES WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THE DEMANDS FOR PAYMENT IN THIS LETTER DO NOT REDUCE YOUR RIGHTS TO DISPUTE THIS DEBT, OR ANY PORTION THEREOF, AND/OR TO REQUEST VERIFICATION WITHIN THE THIRTY (30) DAY PERIOD AS SET FORTH ABOVE.

**Colorado Residents:** For information about the Colorado Fair Debt Collection Practices Act, see WWW.COLORADOATTORNEYGENERAL.GOV/CA. GC Services, 6330 Gulfton, Houston, TX 77081. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. GC Services Colorado office: 621 Seventeenth Street, Suite 2400, Denver, CO 80293, Toll Free 877-798-1116.
**Idaho Residents:** Veronica Sanchez (800) 275-8966
**Massachusetts Residents:** 5230 Washington Street, West Roxbury, MA 02132, Monday-Thursday 10am-3pm. If you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt and provide to you, or any attorney representing you, additional information described in 940 CMR 7.08(2).
**Maine Residents:** 5230 Washington Street, West Roxbury, MA 02132. You may call us collect or at the toll free phone number shown on this or the reverse side of this letter, 8:00 a.m. to 9:00 p.m. CST.
**Minnesota Residents:** This collection agency is licensed by the Minnesota Department of Commerce.
**North Carolina Department of Insurance Permit Numbers:**
Atlanta – 101306; Houston DMD – 839; Huntington – 101307
**NYC Department of Consumer Affairs License Numbers;** Tucson - 1251383, Houston Central Legal & HNW – 0907264, Chicago – 0982208, Columbus NSC – 0982207, Houston DMD – 0808863, Huntington – 1019169, Jacksonville – 0907265, Knoxville – 0982209, Oklahoma – 0982212, Phoenix – 0982213, San Antonio – 0982214, San Diego – 0982215, Baldwin Park – 0982219, St. Louis NSC – 0907261, Copperas Cove – 0907256
**Tennessee Residents:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.
**Texas Residents:** 6330 Gulfton, Houston, TX 77081
**Washington local office:** 926 North 14th Street, Mt. Vernon, WA 98273.

EXHIBIT "B"

DANIEL J. NICHOLSON
108 CONNECTICUT AVENUE
MASSAPEQUA, NY 11758-4503

February 1, 2013

GC Services
PO Box 27346
Knoxville TN 37927-7346

Re: Client Name:         U.S. Department of Education
    DISPUTED Balance Due: $15,188.51
    Account Number:      S113769565
    Your File Number:    1110139

Dear Mr. Gentry:

Thank you for your January 22, 2013 letter. I enclose a copy.

1. I Dispute the Validity of all portions of the above referenced U.S. Department of Education debt.

2. Please send me Verification of this Disputed debt.

3. Please identify the Current Creditor.

4. Please send me the Name of the Original Creditor.

5. Please send me the Address of the Original Creditor.

Thank You

Daniel J. Nicholson

# EXHIBIT "C"

 COGC3V40
PO Box 1022
Whtom MI 48383-1022
ADDRESS SERVICE REQUESTED



**SEND PAYMENT TO:**

January 22, 2013

U.S. DEPARTMENT OF EDUCATION
NATIONAL PAYMENT CENTER
P.O. BOX 105028
ATLANTA GA 30348-5028

0722213020035735 0106-01-30A    962006137
Daniel J Nicholson
108 Connecticut Ave
Massapequa NY 11758-4503

| Client Name: U.S. Department of Education | |
|---|---|
| Balance Due*: $15,188.51 | File #: 1110139 |
| Account Number: S113769565 | |

4 321137695658 0000004950 00000540        4 321137695658 0001222013 15188519

*Do not send cash. Make your check payable to: U.S. Department of Education.
Show your Social Security Number on your check. Return upper portion with your payment.*

Dear Daniel J Nicholson:

The United States Department of Education has referred your account to GC Services, a contracted professional collection agency, for collection. Although your account is in serious default, we are confident we can provide you assistance to resolve your student loan. We understand your needs as a student loan borrower and can help you regain control of this account.

We are prepared to provide you all necessary information on various programs to resolve your defaulted student loan.

We encourage you to take advantage of this opportunity. Contact our Office at 877-244-7901.

Please mail correspondence to the following address:
  GC Services
  PO Box 27346
  Knoxville, TN 37927
Or call: 877-244-7901

B. Gentry
Collection Manager

*Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.*

0722213020035735 - 30A/0106-L007

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**