**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY**

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

**Attorneys at Law**

1200 SMITH STREET, SUITE 1400

**HOUSTON, TEXAS 77002-4496**

(713) 658-1818   (800) 342-5829

(713) 658-2553 (FAX)

chwwm@chamberlainlaw.com

WILLIAM S. HELFAND
SHAREHOLDER
DIRECT DIAL NO.(713) 654-9630
E-MAIL: bill.helfand@chamberlainlaw.com

HOUSTON
ATLANTA
PHILADELPHIA
SAN ANTONIO

April 7, 2014

*Via Electronic Case Filing*
The Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: Civil Action No. 2:13-cv-05712-SJF-ARL; *Daniel J. Nicholson, individually and on behalf of others similarly situated v. GC Services Limited Partnership,* United States District Court for the Eastern District of New York

Your Honor:

  Consistent with your instructions during the hearing on February 18, 2014, my client, GC Services Limited Partnership ("*GC Services*"), submits the following information for the Court's consideration.

  As the Court is aware, Plaintiff complains about a specific correspondence GC Services sent him after he allegedly timely disputed his debt. Plaintiff has suggested his complaint is appropriate for class certification.

  At the instruction of the Court, GC Services previously reported that it had sent 899 letters like the one sent to the Plaintiff, within the time and geographic parameters identified by Plaintiff. After conducting additional investigation into the 899 similar letters GC Services sent to various debtors, GC Services has been able to determine that only two of those letters, one of which was the letter to Plaintiff, were sent after an individual timely disputed their debt. The other 897 copies of the letter were sent to individuals in response to communications other than a timely dispute of their debt.

  To determine this total, GC Services identified all individuals in the geographic area defined by Plaintiff to whom GC Services sent the letter about which Plaintiff complains at any time from August 2005 to December 2013.[1] Because there are a variety of reasons why GC Services might send a debtor this letter, GC Services reviewed the list to determine only those individuals who received this letter after disputing their debt within the 30-day time frame permitted under 15 U.S.C. 1692g(a)(3). Only two such instances are responsive to these

---

[1] Notably, this far exceeds the relevant time frame as defined by the Plaintiff.

The Honorable Sandra J. Feuerstein
April 7, 2014
Page 2

parameters, one of which is the letter sent to the Plaintiff.[2]

      In addition to this public filing, a copy of which is provided to Plaintiff's counsel, should the Court desire, GC Services will submit to the Court the spreadsheets developed by GC Services which identify the information utilized to determine these totals and which differentiate the other various reasons this letter was sent to the other 897 consumers.  GC Services respectfully requests to submit this information *in camera*, as these spreadsheets reveal confidential information about the debtor, as well as proprietary information about GC Services' business strategies. Moreover, GC Services respectfully submits this information is not relevant to Plaintiff's claims nor is it likely to lead to the discovery of any admissible evidence in this matter and that, therefore, it should not be released to or discoverable by Plaintiff.

      Clearly, under the limited circumstances demonstrated by this information, particularly when considered in light of the fact that the named Plaintiff and proposed class representative has already rejected an offer of judgment that provided for the recovery of the full measure of statutory damages available, regardless of the resolution of the issue of liability under the Act, this matter is not appropriate for class certification.

      Should the Court require any further information, I would be pleased to provide it.

      Sincerely,

      William S. Helfand

WSH:KLP

cc:   ***Via Electronic Case Filing***
      Abraham Kleinman
      Kleinman LLC
      626 RXR Plaza
      Uniondale, New York 11556-0626

---

[2] As the Court and Plaintiff's counsel are well aware, Defendant does not agree that sending this letter is at all prohibited, even after a consumer makes a *bona fide* dispute.  GC Services tenders this information to respond to the Court's inquiry and without regard to the disputed question of liability.